IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KRIS WINSNESS,<br><br>Plaintiff,<br><br><br><br>vs.<br><br><br><br>STACIE A. CAMPBELL,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS, FINDING DEFENDANT'S MOTION TO DEFER MOOT, FINDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT RE: STANDING MOOT IN PART, AND SCHEDULING ORDER<br><br><br><br>Case No. 2:04-CV-904 TS |

This matter is before the Court on Defendant's Motion to Dismiss. Neither of the parties requested a hearing on this matter. Further, Plaintiff has asked for expedited ruling. The Court has determined that given the nature of the legal issues presented in Defendant's Motion, oral argument is unnecessary. Having considered the written materials submitted to the Court and

being otherwise fully informed, the Court is now prepared to rule on Defendant's Motion.  In doing so, the Court also resolves Defendant's Motion to Defer and, in part, Plaintiff's Motion for Summary Judgment Re: Standing.

## I.  STANDING

Plaintiff brings claims for injunctive relief, declaratory relief, and damages for alleged violations of the United States and Utah constitutions and under 42 U.S.C. §§ 1983 and 1988.  Defendant's Motion to Dismiss is premised in part on the argument that Plaintiff lacks standing.  The following facts govern Defendant's Motion:

Plaintiff brought suit against Stacie Campbell, a deputy for the Salt Lake County Sheriff, on the grounds that Deputy Campbell issued Plaintiff a citation under Utah Code Section 76-9-601, for "abuse of the flag" in October 2002.  This section of the Utah Code makes it illegal for a person to desecrate or publicly display a desecrated flag.[1]  The citation required Mr. Winsness to

---

[1] Utah Code Ann. § 76-9-601 reads as follows:

(1) A person is guilty of abuse of a flag if he:
    (a) Intentionally places any unauthorized inscription or other thing upon any flag of the United States or of any state of the United States; or
    (b) Knowingly exhibits any such flag, knowing the inscription or other thing to be unauthorized; or
    (c) For purposes of advertising a product or service for sale or for distribution, affixes a representation of the flag of the United States or of a state of the United States to the product or on any display whereon the product or service is advertised; or
    (d) Knowingly casts contempt upon the flag of the United States or of any state of the United States by publicly mutilating, defacing, defiling, burning, or trampling upon it.
(2) Abuse of a flag is a class B misdemeanor.

appear in the Salt Lake County Justice Court.  In August 2003, the prosecutor involved dropped the charges.  The statute of limitations has run on the original citation.  The Salt Lake County Attorney has attested that he does not intend to prosecute Plaintiff or anyone else under the statute at issue.  Defendant has attested that she does not intend to cite Plaintiff again under the statute.

Defendant contends that Plaintiff lacks standing to bring suit. It is well established that a plaintiff must have standing in order for the Court to have jurisdiction over a matter.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).

> "There are three requirements of Article III standing.  First, the plaintiff must suffer an injury in fact. An injury in fact is an invasion of a legally protected interest that is (a) concrete and particularized and (b) actual or imminent, i.e., not conjectural or hypothetical." Essence, Inc. v. City of Fed. Heights, 285 F.3d 1272, 1280 (10th Cir. 2002) (internal citations and quotations omitted).  A plaintiff must also demonstrate that (2) the harm complained of is fairly traceable to the defendant's conduct and (3) that a favorable ruling from the court would redress plaintiff's injury. Id.

Brown v. New Mexico State Personnel Office, 399 F.3d 1248, 1253 (10th Cir. 2005).

Defendant specifically challenges Plaintiff's standing under the first and third prongs laid out above.  The Court will address each in turn.

A.  INJURY IN FACT

The parties dispute the significance of the facts (1) that Defendant has no intention of citing Plaintiff again under the statute at issue and (2) that the Salt Lake County Attorney has no intention of prosecuting Plaintiff under the statute at issue.  The parties disagree as to whether these facts should result in a finding that Plaintiff has suffered no injury in fact.

3

The Court finds that these facts are highly relevant to Plaintiffs' claims for prospective relief but not for claims seeking to redress past harm.  In order to have standing to bring a claim that would enjoin prospective enforcement of a statute, a plaintiff must show that he faces a "real and immediate threat that [he] will be prosecuted under this statute in the future." Faustin v. Denver, 268 F.3d 942, 948 (10th Cir. 2001).  However, if the relief sought is meant to remedy past constitutional violations, such as a prayer for damages or declaratory relief, the analysis is retrospective–focusing on whether actual harm has already been suffered.  Id.

Plaintiff brings claims for both prospective and retrospective relief.  Given the facts before it, the Court finds that Plaintiff does not have standing to bring claims for injunctive relief because the likelihood of Plaintiff receiving another citation or being prosecuted based on any such citation are not imminent but, rather, quite remote.  However, the Court finds that Plaintiff adequately alleges that he has suffered injury in fact based on his past receipt of a citation under Utah Code Section 76-9-601 for "abuse of the flag."  Defendant issued Plaintiff a citation as a result of Plaintiff displaying a flag which he admittedly altered.  Plaintiff has, therefore, suffered sufficient injury to litigate the issue of whether this citation violated Plaintiff's constitutional rights and whether damages should be awarded.  Faustin v. Denver, 268 F.3d 942.

B.  REDRESSABILITY

Defendant's argument regarding redressability almost entirely focuses on Plaintiff's claims for injunctive relief.  Because the Court has found that Plaintiff lacks standing to bring such claims above, the Court does not address Defendant's argument here.  Defendant does make the assertion that a request for damages cannot be based on a citation.  However, the case that

Defendant cites for that proposition, Dombrowski v. Pfister, 380 U.S. 479 (1965), does not stand for the cited proposition. In Dombrowski, the plaintiffs asked for declaratory relief and injunctive relief but did not seek damages. Id. at 479. Even assuming that Defendant's argument was meant to apply to all retrospective relief, to the extent that Dombrowski addresses standing at all, the focus is upon injunctive relief and not declaratory relief, which, as discussed above, is retrospective in nature.

On the other hand, the case of Faustin v. Denver, 268 F.3d at 946-48, addresses this issue squarely. In that case, the Tenth Circuit found that the plaintiff had standing to bring a claim for damages and injunctive relief based on a citation issued by law enforcement, despite the fact the charges were dropped and were no longer being pursued. Relying on this clear precedent, the Court finds that Plaintiff satisfies the standing requirement of redressability, at least with regard to the surviving claims for damages and declaratory relief.

### C. FINDINGS

The Court therefore finds that Plaintiff lacks standing to pursue injunctive relief but that he has standing to bring claims for damages and declaratory relief.

Furthermore, because the Court has found that Plaintiff has standing, the grounds Defendant relies upon for deferring briefing on Plaintiff's Motion for Partial Summary Judgment and Motions to Dismiss are no longer valid. Therefore, the Court finds, based upon this ruling, that Defendant's Motion to Defer is moot.

Additionally, because the Court has determined that Plaintiff has standing to bring at least an as-applied constitutional challenge seeking declaratory relief, the Court finds Plaintiff's Motion for Partial Summary Judgment Re: Standing is moot in part.

The Court will provide Defendant fifteen (15) days from the date of this Memorandum Decision and Order to respond to Plaintiff's Motion to Dismiss and to that aspect of the Motion that deals with Plaintiff's standing to make facial constitutional challenge.

## II.  QUALIFIED IMMUNITY

A second matter of dispute is whether qualified immunity insulates Defendant's actions. In addressing Defendant's qualified immunity defense, the Court "must first determine whether [Defendant's] actions, as alleged in the complaint, violated a constitutional or statutory right." Denver Justice And Peace Committee, Inc. v. City Of Golden, --- F.3d ----, 2005 WL 950648, *3 (10th Cir. 2005) (citing Saucier v. Katz, 533 U.S. 194, 201 (2001)).  Assuming that the answer to this question is "yes," the Court then "must determine whether the right allegedly violated has been clearly established in a more particularized, and hence more relevant sense: The contours of the right must be 'sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" Id. (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)).

Deputy Campbell avers that she did not violate Defendant's constitutional rights because according to her affidavit, Defendant did not alter the flag for expression purposes but rather did so because "he was bored."  This affidavit testimony, of course, ventures outside of Plaintiff's Complaint and, in fact, contradicts the allegations found in the Complaint.   The standard governing 12(b)(6) motions is a familiar one:

> [A]ll well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the light most favorable to the nonmoving party. GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997). "A 12(b)(6) motion should not be granted 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id. (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991).

Sutton v. Utah State School for the Deaf and Blind, 173 F.3d 1226, 1236 (10th Cir. 1999). The Complaint alleges that Plaintiff "altered the flag and displayed it for expressive purposes and in order to make a political statement." Complaint ¶ 9. Given the standard that the Court must employ at this stage of the proceedings, the Court must assume that Plaintiff altered the flag for expressive purposes rather than to cure boredom.

However, given Defendant's affidavit, the Court will also treat this aspect of Defendant's Motion as a motion for summary judgment.[2] Summary judgment is proper if the moving party demonstrates there is no genuine issue of material fact and it is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c). In considering whether genuine issues of material fact exist, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249

---

[2] While the Court must provide notice to the parties before converting a motion to dismiss to a summary judgment motion, the Tenth Circuit has concluded that the submission of evidentiary materials by the movant, the nonmovant, or both of them can constitute sufficient notice. David v. City & County of Denver, 101 F.3d 1344, 1352 (10th Cir. 1996). Here, Defendant submitted an affidavit in her opening brief and did the same in opposition. As such, the Court finds sufficient notice here to convert the motion without further notice given.

(1986). The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Again, while the Defendant submitted an affidavit attesting that Plaintiff had told her that he altered the flag because "he was bored," which the Defendant interprets to mean that Plaintiff altered the flag for nonexpressive purposes, Plaintiff has submitted an affidavit contradicting this testimony.[3] According to Plaintiff's affidavit, he altered "the flag and displayed it for expressive purposes." Winsness Affidavit ¶ 5. Plaintiff reports that he "specifically told the Deputy that [he] was protesting [his] treatment by the judicial system." Winsness Affidavit ¶ 9. The Court is required to construe all facts in the light most favorable to the Plaintiff. At this stage in the proceedings, the Court must conclude that Plaintiff altered the flag for expressive purposes.[4]

In evaluating if Defendant's actions, as alleged in the Complaint, violated Plaintiff's constitutional rights, the Court looks to the seminal case of Texas v. Johnson, 491 U.S. 397 (1989). In that case, the Supreme Court was asked to determine whether the State of Texas had violated a plaintiff's constitutional rights by enforcing Texas's flag desecration statute. The parties in that case had stipulated that the plaintiff in that case had burned a flag for expressive

---

[3] The Court notes that in construing all inferences in favor of the Plaintiff, as the Court must do in addressing summary judgment, that acting out of boredom does not equate to acting with no expressive purpose. These are not mutually exclusive. Boredom may lead a person to do many things, including expressing himself, in order to cure his boredom.

[4] The Court notes that the jury–the ultimate finder of fact–may indeed believe Defendant's version of events and reject those put forward by Plaintiff. The Court at this stage of the proceeding, however, should not determine credibility. This task is reserved for the jury.

purposes. Id. at 404. The Supreme Court held that given that the plaintiff defiled the flag for expressive purposes, the First Amendment protected his right to do so. Id. at 419.[5] The Court would note that the Supreme Court's opinion determined that this holding did not show lack of respect for the flag, but rather, it served as an homage to our commitment to freedom: "We do not consecrate the flag by punishing its desecration, for in doing so we dilute the freedom that this cherished emblem represents." Id. Indeed, "nobody can suppose that this one gesture of an unknown man will change our Nation's attitude towards its flag." Id.

With this in mind, the Court will now apply the law set forth in Johnson v. Texas to the facts of this case. The Court again notes that under the standards governing both Rule 12(b)(6) and 56(c) motions, that the Court is compelled to find for the limited purposes of this order that Plaintiff altered and displayed the flag for expressive purposes. For the purposes of this motion, the Court must conclude that the allegations found in Plaintiff's Complaint and in his affidavit are adequate to support a finding that Defendant's enforcement of Utah Code Section 76-9-601 violated Plaintiff's rights under the First Amendment to the United States Constitution.

Accordingly, the Court must next determine if the right was "sufficiently clear that a reasonable official would understand that what he is doing violates that right." Denver Justice And Peace Committee, --- F.3d ----, 2005 WL 950648, at *3. Given that the issue precisely before the Court was addressed and resolved in Texas v. Johnson, the Court finds that the right

---

[5] Note that this rendition of the holding of Texas v. Johnson is not in dispute. In fact, Defendant's opening memorandum states: "In 1989, the United States Supreme Court issued its decision in Texas v. Johnson, 491 U.S. 397 (1989), holding that desecration of an American flag for expressive purposes is speech protected by the First Amendment."

was sufficiently established to put Deputy Campbell on notice that enforcing Utah's flag abuse statute, in light of Plaintiff's expressive intent, would violate the First Amendment of the United States Constitution.  The Supreme Court resolved this issue in a highly publicized case more than a decade before enforcement actions were taken in this case.  The right was clearly established at the times in question.

Therefore, the Court finds that Plaintiff's claim for damages survives this Motion.

### III.  CONCLUSION

Based on the forgoing, the Court, therefore, ORDERS the following:

The Court GRANTS IN PART and DENIES IN PART Defendant's Motion to Dismiss [Docket No. 30] as it relates to standing, dismissing Plaintiff's claims for injunctive relief and allowing Plaintiff's claims for damages and declaratory relief to survive.

The Court DENIES Defendant's Motion to Dismiss [Docket No. 30] as it relates to qualified immunity.

The Court FINDS MOOT Defendant's Motion to Defer [Docket No. 30].

The Court FINDS MOOT IN PART, as it relates to an as-applied challenge, Plaintiff's Motion for Partial Summary Judgment Re: Standing [Docket No. 28].

The Court PROVIDES fifteen (15) days from the date of this Memorandum Decision and Order for Defendant to respond to Plaintiff's Motion to Dismiss [Docket No. 13] and to the surviving aspects of Plaintiff's Motion for Partial Summary Judgment Re: Standing [Docket No. 28].

DATED this 31st day of May, 2005.

                        BY THE COURT:

                        _____
                        TED STEWART
                        United States District Court Judge