IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KRIS WINSNESS,<br><br>Plaintiff,<br><br><br><br>vs.<br><br><br><br>STACIE A. CAMPBELL<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO STAY, RESERVING JUDGMENT ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, AND SCHEDULING ORDER<br><br><br><br><br><br>Case No. 2:04-CV-904 TS |

This matter is before the Court on Defendant's Motion for Stay of Proceedings. Having considered the written materials submitted to the Court and being otherwise fully informed, the Court will now rule on Defendant's Motion for Stay of Proceedings.

I. FACTUAL BACKGROUND

On October 20, 2002, Plaintiff Kris Winsness burned a "smiley face" on an American flag and displayed that flag on his garage. Plaintiff alleges that he did this in order to make a political statement, namely that he was protesting the corruption of the legal system. In October

2002, Defendant Stacie Campbell, a Salt Lake County Sheriff's Deputy, cited Plaintiff for violation of Utah Code Ann. § 76-9-601.[1]  In addition to giving Plaintiff a citation, the flag was taken down and taken into evidence.

An attempt was made to prosecute Plaintiff in the Salt Lake County Justice Court by the Salt Lake County District Attorney and two of his deputies.  However, this prosecution was voluntarily dismissed on August 15, 2003.  David Yocom, the Salt Lake County District Attorney, has stated that he does not intend to prosecute Plaintiff or anyone else under this statute.  Additionally, the Defendant has stated that she does not intend to cite Plaintiff again under the statute.

Plaintiff brought an action claiming that the statute violated his constitutional rights and seeking various relief.

## II.  DISCUSSION

*A. Defendant's Motion to Stay*

Defendant's Motion to Stay seeks to have this Court stay its proceedings pending the appeal of *Winsness v. Yocom*.  2:04-CV-788 PGC (*"Winsness I"*).  That case is currently on

---

[1]That statute states:
(1) A person is guilty of abuse of a flag if he:
    (a) Intentionally places any unauthorized inscription or other thing upon any flag of the United States or of any state of the United States; or
    (b) Knowingly exhibits any such flag, knowing the inscription or other thing to be unauthorized; or
    (c) For purposes of advertising a product or service for sale or for distribution, affixes a representation of the flag of the United States or of a state of the United States to the product or on any display whereon the product or service is advertised; or
    (d) Knowingly casts contempt upon the flag of the United States or of any state of the United States by publicly mutilating, defacing, defiling, burning, or trampling upon it.
(2) Abuse of a flag is a class B misdemeanor.

2

appeal before the Tenth Circuit Court of Appeals, which heard oral arguments on the matter on August 17, 2005.

    1. *Winsness I*

*Winsness I* was previously before the Honorable Judge Cassell. That case concerned some of the same basic facts as the case before this Court, but there are critical differences between the cases. *Winsness I* was an action brought by Winsness against Salt Lake County District Attorney David Yocom, his deputy Roger Blaylock, Governor Olene S. Walker, and Attorney General Mark Shurtleff. As to Winsness, the claims raised in *Winsness I* arose out of the same facts as discussed above. In addition to Winsness, Ken Larsen was also a plaintiff in that matter. Larsen was a Utah gubernatorial candidate who feared, but was not subject to, prosecution for his actions involving the signing and distributing of American and Utah flags.

    In *Winsness I*, Judge Cassell issued an order on November 3, 2004, finding that neither Winsness nor Larsen had standing to challenge the statute against those defendants. Judge Cassell found that in order to have standing, Plaintiffs were required to show that: (1) the statute governed constitutionally protected conduct; and (2) there was a credible threat of prosecution. Judge Cassell found that because of the assurances of the District Attorney and his deputy that violators of the statute would not be prosecuted, Plaintiffs failed to show a credible threat of prosecution. As a result, Plaintiffs could not show injury and could not establish standing.

    Judge Cassell's ruling concerning standing has now been appealed to the Tenth Circuit. Case No. 04-4275. As noted, oral arguments were held on the matter on August 17, 2005.

    2. *Defendant's Motion to Stay*

Defendant argues that her Motion to Stay should be granted because the issues involved in *Winsness I* are identical to the issues involved in this case and many of the issues are likely to be resolved by the Tenth Circuit.

Plaintiff argues, however, that the primary issue before the Tenth Circuit is the issue of standing. An issue which this Court has already resolved. In an Order issued on May 31, 2005 [Docket No. 42], this Court held that Plaintiff lacked standing to pursue injunctive relief, but found that Plaintiff had standing to pursue claims for damages and declaratory relief. The Court relied on *Faustin v. Denver,* which held that a plaintiff had standing to bring a claim for damages and injunctive relief based on a citation issued by law enforcement, despite the fact that the charges were later dropped and were not being pursued. 268 F.3d 942, 946–48 (10th Cir. 2001). As a result, Plaintiff argues that any decision issued by the Tenth Circuit on the issue of standing in *Winsness I* will be irrelevant to the matter currently before the Court.

*3. Analysis*

It has been "long recognized that courts have inherent power to stay proceedings and 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Stone v. INS*, 514 U.S. 386, 411 (1995) (quoting *Landis v. North Amer. Co.*, 299 U.S. 248, 254 (1936)).

As a result of the key differences between this case and *Winsness I*, the Court finds that Defendant's Motion to Stay is improper. As discussed above, in *Winsness I*, the defendants are the Salt Lake County District Attorney, his deputy, the Attorney General of Utah, and the Governor of Utah. In *Winsness I*, Judge Cassell ruled that Winsness and Larsen lack standing to

sue these individuals because there was no longer any threat of prosecution. In this case, the defendant is Officer Campbell, the officer who issued Winsness the citation. This Court has previously ruled that Plaintiff does have standing against Defendant based on clear Tenth Circuit precedent. *See Faustin*, 268 F.3d at 946–48.

Because of the differences between *Winsness I* and the case currently before the Court, it seems that any decision issued by Tenth Circuit concerning *Winsness I* will not have a major impact on this case. Therefore, Defendant's Motion to Stay will be denied.

*B. Motions for Summary Judgment*

Plaintiff filed his Motion for Partial Summary Judgment on December 13, 2004. With that Motion, Plaintiff sought the following relief: (1) declaratory judgment that Utah Code Ann. § 76-9-601 violates the First and Fourteenth Amendments of the United States Constitution; (2) declaratory judgment that Utah Code Ann. § 76-9-601 violates Article I, §§ 7 and 15 of the Utah Constitution; (3) a permanent injunction enjoining the defendant from enforcing Utah Code Ann. § 76-9-601; and (4) reserving all other issues for trial or further hearing.

Defendant was originally required to respond to Plaintiff's Motion by June 15, 2005. A Motion for Extension of Time was filed by Defendant on June 14, 2005, seeking until June 30, 2005, to file a response. The Court neither granted nor denied that motion. Despite this, however, Defendant failed to respond by June 30. On July 5, 2005, Plaintiff requested a hearing on the Motion. Defendant has objected to this and submitted its own Motion for Summary Judgment on August 11, 2005, more than a month after the time Defendant was seeking an extension for, but still within the time allowed under the scheduling order. Along with that

Motion, Defendant submitted a Memorandum in Support of Defendant's Motion for Summary Judgment and in Opposition to Plaintiff's Motion for Partial Summary Judgment.  As of this date, Plaintiff has not responded to Defendant's Motion for Summary Judgment.

The Court finds it appropriate to provide an opportunity for both summary judgment motions to be fully briefed by the parties and will reserve judgment on Plaintiff's Motion for Partial Summary Judgment at this time.  When both motions have been fully briefed, the Court will set them for hearing.

### III.  CONCLUSION

Based on the forgoing, the Court, therefore, ORDERS the following:

The Court DENIES Defendant's Motion for Stay of Proceedings [Docket No. 61].

It is further ORDERED that fifteen (15) days from the date of this Order, Plaintiff shall respond to Defendant's Motion for Summary Judgment [Docket No. 74] and Defendant shall respond to Plaintiff's Motion for Partial Summary Judgment [Docket No. 13].  Each party will have an additional seven (7) days to file optional replies.

DATED   August 30, 2005.

BY THE COURT:

_____
TED STEWART
United States District Court Judge