IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KRIS WINSNESS,<br><br>  Plaintiff,<br><br>vs.<br><br>STACIE A. CAMPBELL (nka MARSHALL), Salt Lake County Sheriff's Deputy,<br><br>  Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR RE-HEARING ON STATE'S MOTION TO FILE AMICUS BRIEF AND DENYING PLAINTIFF'S MOTION TO REQUIRE INTERVENER STATUS FOR UTAH<br><br>Case No. 2:04-CV-904 TS |

   This matter comes before the Court on two related motions: Plaintiff's Motion for Re-Hearing on State's Motion to File Amicus Brief and Plaintiff's Motion to Require Intervener Status for Utah.

1

On September 27, 2005, the State of Utah filed a Motion to File Amicus Brief in Support of Defendant's Motion for Summary Judgment.[1] The State cited 28 U.S.C. § 2403(b)[2] in support of its Motion. The Court granted that Motion on September 29, 2005,[3] and the State filed its brief on October 3, 2005.[4] Plaintiff objects to the State filing an amicus brief and has requested that this Court reconsider the State's Motion.[5] Additionally, Plaintiff has sought to require the State to be an intervening party, rather than being allowed to file an amicus brief.[6]

## I. DISCUSSION

Plaintiff's primary objections are: (1) that the Court should not have allowed the state to file an amicus brief; and (2) that the statutory provision the State cited in support of its Motion requires the State to intervene as a party, rather than filing an amicus brief.

Addressing Plaintiff's first argument, the Court finds that since this case calls into question the constitutionality of a state statute, the State has an interest in filing an amicus brief

---

[1] Docket No. 96.

[2] That statute reads: "In any action, suit, or proceeding in a court of the United States to which a State or any agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute of that State affecting the public interest is drawn in question, the court shall certify such fact to the attorney general of the State, and shall permit the State to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality. The State shall, subject to the applicable provisions of law, have all the rights of a party and be subject to all liabilities of a party as to court costs to the extent necessary for a proper presentation of the facts and law relating to the question of constitutionality."

[3] Docket No. 98.

[4] Docket No. 99.

[5] Docket No. 100.

[6] Docket No. 103.

in this action. The Court believes it will benefit from the State's arguments on this matter. Further, the Court does not believe that Plaintiff will be unduly prejudiced by allowing the State's amicus brief, since that brief only addresses points IV and V of Defendant's Motion for Summary Judgment.

Turning to Plaintiff's second, and more substantive argument, the Court finds that the State is not required to intervene as a party, and may file an amicus brief. In its Motion to File Amicus Brief, the State cited 28 U.S.C. § 2403(b), arguing that this section requires that the State be permitted to present evidence and argument concerning the constitutionality of the state statute at issue here. Plaintiff has argued that § 2403(b) requires that the State participate as an intervening party and does not allow the State to merely submit an amicus brief.

The Court notes that there is little case law discussing the ability of a party to file an amicus brief pursuant to § 2403(b). There are cases, however, in which a state has been allowed to file an amicus brief regarding the constitutionality of a state statute under § 2403(b).[7] Further, the language of § 2403(b) is permissive, it permits the State to intervene but does not require it. Therefore, Plaintiff is incorrect in stating that § 2403(b) requires that the State to intervene and does not allow it to file an amicus brief.

---

[7] *See e.g.*, *Chafee v. Roger*, 311 F.Supp. 2d 962, 965–66 (D. Nev. 2004) (allowing Nevada Attorney General to file an amicus brief arguing for the constitutionality of a state statute under § 2403(b)); *United States v. Clark County, Indiana*, 234 F.Supp. 2d 934, 936 (S.D. Ind. 2002) (allowing Indiana Attorney General to file an amicus brief pursuant to § 2403(b)); *New Destiny Development Corp. v. Piccione*, 802 F.Supp. 692, 693 n.1 (D. Conn. 1992) (informing Attorney General of state's right to intervene under § 2403(b) and allowing Attorney General to file brief on behalf of state as amicus curiae); *Carr v. Beech Aircraft Corp.*, 758 F.Supp. 1330, 1332 (D. Ariz. 1991) (allowing State of Arizona to file amicus brief supporting constitutionality of statute after allowing state to "intervene" pursuant to § 2403(b)).

Moreover, § 2403(b) is not the exclusive route for the State to file an amicus brief. Absent authority that the State cannot file an amicus brief in this case, the Court will stand by its decision to allow the State to do so.

## II.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Re-Hearing on State's Motion to File *Amicus* Brief (Docket No. 100) is DENIED.  It is further

ORDERED that Plaintiff's Motion to Require Intervener Status for Utah (Docket No. 103) is DENIED.

DATED   October 31, 2005.

BY THE COURT:

_____
TED STEWART
United States District Judge