IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| KRIS WINSNESS,<br><br>Plaintiffs,<br><br><br><br><br><br>vs.<br><br>STACIE A. CAMPBELL,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER RE: CROSS MOTIONS FOR SUMMARY JUDGMENT AND MOTION FOR JUDGMENT ON THE PLEADINGS<br><br><br><br>Case No. 2:04-CV-904 TS |

The Court heard argument on three motions on February 15, 2006: (1) Plaintiff's Motion for Partial Summary Judgment; (2) Defendant's Motion for Summary Judgment; and (3) Plaintiff's Motion for Judgment on the Pleadings Re: Affirmative Defenses.  Having considered the argument of counsel and the written materials provided, the Court rules as follows.

## I.  FACTUAL BACKGROUND

The factual background of this case has been set out in the Court's previous ruling.[1]  In October 2002, Plaintiff Kris Winsness burned a "smiley face" on an American flag and displayed that flag on his garage.  Plaintiff alleges that he took these actions in order to make a political

---

[1]Docket No. 87, at 1–2.

1

statement, namely that he was protesting the corruption of the legal system.  Defendant, however, alleges that Plaintiff told her that he burned the smiley face on the flag because he was bored.  In October 2002, Defendant Stacie Campbell, a Salt Lake County Sheriff's Deputy, cited Plaintiff for a violation of Utah Code Ann. § 76-9-601,[2] Utah's flag abuse statute.[3]  In addition to giving Plaintiff a citation, the flag was taken down and taken into evidence.

An attempt was made to prosecute Plaintiff in the Salt Lake County Justice Court by the Salt Lake County District Attorney and two of his deputies.  However, that prosecution was voluntarily dismissed on August 15, 2003.  David Yocom, the Salt Lake County District Attorney, has stated that he does not intend to prosecute Plaintiff or anyone else under this statute.  Additionally, Defendant has stated that she does not intend to cite Plaintiff again under the statute.

---

[2]That statute states:
(1) A person is guilty of abuse of a flag if he:
    (a) Intentionally places any unauthorized inscription or other thing upon any flag of the United States or of any state of the United States; or
    (b) Knowingly exhibits any such flag, knowing the inscription or other thing to be unauthorized; or
    (c) For purposes of advertising a product or service for sale or for distribution, affixes a representation of the flag of the United States or of a state of the United States to the product or on any display whereon the product or service is advertised; or
    (d) Knowingly casts contempt upon the flag of the United States or of any state of the United States by publicly mutilating, defacing, defiling, burning, or trampling upon it.
(2) Abuse of a flag is a class B misdemeanor.

[3]The parties dispute whether Utah's flag abuse statute is a 'use' statute or a 'desecration' statute.  The Court finds that the statute is both a use statute and a desecration statute.

2

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the moving party can demonstrate that there is no genuine issue of material fact and it is entitled to judgment as a matter of law.[4]  In considering whether genuine issues of material fact exist, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[5]  The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[6]

## III.  PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The parties have filed cross-motions for summary judgment.  Plaintiff seeks partial summary judgment arguing that the challenged statute is unconstitutional.  Defendant seeks summary judgment arguing that: (1) Plaintiff has failed to join an indispensable party; (2) Defendant is an improper party; (3) Plaintiff lacks standing to assert a prospective facial challenge; (4) the challenged statute is not facially unconstitutional; and (5) *Texas v. Johnson*,[7] is not *stare decisis* for the case at bar.  Each motion raises a number of issues, some of which have been previously ruled upon by the Court.  For the sake of clarity and because of recent decisions by the Tenth Circuit Court of Appeals, the Court finds it necessary to address the following issues.

---

[4]*See* Fed.R.Civ.P. 56(c).

[5]*See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[6]*See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Southwestern Bell Tel. Co.,* 925 F.2d 1288, 1292 (10th Cir. 1991).

[7]491 U.S. 397 (1989).

A.      STANDING

The first issue which must be addressed is whether Plaintiff has standing to challenge the

statute.  "In every federal case, the party bringing the suit must establish standing to prosecute

the action."[8]  To meet this requirement, a plaintiff must demonstrate that "(1) he or she has

suffered an injury in fact; (2) there is a causal connection between the injury and the conduct

complained of; and (3) it is likely that the injury will be redressed by a favorable decision."[9]

This Court has previously ruled that Plaintiff has standing to bring claims for damages

and declaratory relief, but that he lacks standing to pursue injunctive relief.[10]  The parties

continue to dispute this issue.  Particularly, Defendant argues that Plaintiff lacks standing to

assert a facial challenge to the law.

1.      PLAINTIFF HAS STANDING TO ASSERT AN AS-APPLIED CHALLENGE

Defendant argues that Plaintiff has not sufficiently pled an as-applied challenge.  The first

paragraph of Plaintiff's Complaint clearly states Plaintiff's allegation that the statute is facially

unconstitutional.[11]  Plaintiff's Complaint does not likewise specifically state that he is putting

forth an as-applied challenge.  But Plaintiff's Complaint does allege that he has been harmed by

---

[8]*Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004).

[9]*Phelps v. Hamilton*, 122 F.3d 1309, 1326 (10th Cir. 1997) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

[10]Docket No. 42, at 4.  During oral argument on February 15, 2006, Plaintiff's counsel mistakenly stated that the Court had previously ruled that Plaintiff lacked standing to assert a facial challenge.  The Court has made no such ruling.  Rather, the Court has only limited the type of relief Plaintiff may seek.

[11]Docket No. 1, ¶ 1.

Defendant's action and that he is reticent with regard to his expression.[12]  Plaintiff seeks

declaratory judgment that Defendant's actions in commencing a criminal case against him

violated his constitutional rights.[13]  Plaintiff also seeks damages against Defendant Campbell.[14]

Moreover, Plaintiff has asserted that he is bringing both an as-applied challenge and a facial

challenge in his reply[15] to his Motion for Summary Judgment and his response[16] to Defendant's

Motion for Summary Judgment.

Defendant points to *Ward v. State*,[17] in support of her position that Plaintiff may not

assert an as-applied challenge.  In *Ward*, the Plaintiff had labeled his challenge as both an as-

applied and a facial challenge at both the trial and appellate level.[18]  The plaintiff, however, had

only presented substantive arguments on his facial challenges and had only raised the issue of an

as-applied challenge in his reply on appeal.[19]  Because of this fact, the appellate court had

difficulty deciphering what the plaintiff's as-applied challenges were.[20]

Here, Plaintiff has presented his as-applied challenge in his Complaint, his response to

Defendant's Motion for Summary Judgment, and his reply to his Motion for Summary

---

[12]*Id*. ¶ 18–20.

[13]*Id*. at 9.

[14]*Id*.

[15]Docket No. 88, at 6–7.

[16]Docket No. 89, at 6–7.

[17]398 F.3d 1239 (10th Cir. 2005).

[18]*Id*. at 1246.

[19]*Id*.

[20]*Id*.

Judgment.  The Court faces no difficulty in deciphering Plaintiff's as-applied challenge.

Therefore, the Court believes that Plaintiff has sufficiently asserted an as-applied challenge.

Finding that Plaintiff has sufficiently plead an as-applied challenge, the Court will discuss

whether he has met the three elements of standing set forth above.

      a.    INJURY IN FACT

The Court has previously held that Plaintiff has "suffered sufficient injury to litigate the

issue of whether this citation violated Plaintiff's constitutional rights and whether damages

should be awarded."[21]  This ruling was based on the Tenth Circuit's opinion in *Faustin v.*

*Denver*.[22]  In *Faustin I*, the Tenth Circuit held that Faustin had "standing to sue for damages

based on her prosecution (including nominal damages, which she sought) and to seek declaratory

relief with respect to her prosecution."[23]  The Tenth Circuit held, however, that Faustin could not

seek injunctive relief because she could not show a real and immediate threat of being prosecuted

under the statute in the future.[24]

Similarly, here, the Court held that Plaintiff suffered injury in fact as a result of the

citation issued to him.  The Tenth Circuit's recent decision in a companion case, *Winsness v.*

*Yocom*,[25] does not change this.  In that decision, the Tenth Circuit held that Plaintiff Winsness

did not have standing to sue the Governor, the Utah Attorney General, and Salt Lake County

---

[21]Docket No. 42, at 4.

[22]268 F.3d 942 (10th Cir. 2001) (hereinafter *Faustin I*).

[23]*Id*. at 948.

[24]*Id*.

[25]— F.3d —, 2006 WL 23569 (10th Cir. 2006).

prosecutors as a result of any injury caused by the issuance of the citation.[26]  While not ruling on the issue directly, the Tenth Circuit seemed to suggest that Winsness had standing to sue Defendant Campbell as a result of the citation.[27]  Therefore, the Court re-affirms its finding that Plaintiff has suffered sufficient injury in fact to litigate this matter.

b.      CAUSAL CONNECTION

As noted above, there must be a causal connection between the injury and the conduct complained of.[28]  In *Winsness v. Yocom*, the Tenth Circuit held that there was no causal connection between whatever injury Winsness suffered as a result of the citation and criminal record and the defendants in that case, namely the Governor, the Utah Attorney General, and Salt Lake County prosecutors.[29]  The court went on to state that "[t]he citation was issued by a sheriff's deputy without any prompting from the District Attorney's Office."[30]

Here, Plaintiff has brought suit against the sheriff's deputy who issued the citation. Therefore, there is a sufficient causal connection in this case between the injury and the conduct complained of.

---

[26]*Id*. at *10.

[27]*Id*.

[28]*Phelps*, 122 F.3d at 1325 (citing *Lujan*, 504 U.S. at 560).

[29]2006 WL 23569, *10.

[30]*Id*.

c.     REDRESSABILITY

Finally, the Court again points to its previous ruling on the issue of redressability.[31]  The Court has held that Plaintiff had satisfied "the standing requirement of redressability, at least with regard to the surviving claims for damages and declaratory relief."[32]  As a result, Plaintiff has standing to challenge the constitutionality of this statue as-applied to him.

2.    THE COURT WILL ASSUME PLAINTIFF HAS STANDING TO ASSERT A FACIAL CHALLENGE

The rules for standing are less stringent for a facial challenge to a statute.[33]  But a plaintiff must still satisfy the injury-in-fact requirement.[34]  As noted above, Plaintiff has satisfied this first element with regard to an as-applied challenge.  It is not clear whether Plaintiff has satisfied this element with regard to a facial challenge.  The Court will assume, for the purposes of this motion, that Plaintiff has standing to assert a facial challenge.

B.    RELIEF PLAINTIFF MAY SEEK

As with the issue of standing, the parties continue to debate the relief which Plaintiff may seek.  And again, as with the issue of standing, the Court has ruled on this issue and will adhere to its previous ruling.  The Court has ruled that Plaintiff may not seek prospective injunctive relief, but that he may seek nominal damages and retrospective relief.[35]  This ruling is shored up

---

[31]Docket No. 42, at 4–5.

[32]*Id*. at 5.

[33]*PeTA, People for the Ethical Treatment of Animals v. Rasmussen*, 298 F.3d 1198, 1203 (10th Cir. 2002).

[34]*Id*.

[35]*See* Docket No. 42.

by the Tenth Circuit's recent statement that "past injury does not confer standing to seek prospective injunctive relief without some credible threat of future injury."[36]

Plaintiff argues that declaratory relief is necessary because of Defendant's renewed argument that the statute is constitutional.[37]  Plaintiff, however, has failed to show any credible threat of future injury.  Therefore, Plaintiff may not seek prospective injunctive relief.  Rather, Plaintiff is limited to seek nominal damages and retrospective relief, as previously ruled by the Court.

C.     INDISPENSABLE PARTY AND IMPROPER PARTY

Defendant Campbell has raised two related issues in her Motion for Summary Judgment—whether Plaintiff has failed to join an indispensable party and whether she is an improper party.  The Court finds that neither of these issues presents a sufficient ground for a grant of summary judgment.

1.     INDISPENSABLE PARTY

Defendant first argues that Plaintiff has failed to join an indispensable party, namely the State of Utah.  She argues that it is the State that has an interest in defending the constitutionality of its statutes, not her.  The Court finds this argument unavailing, especially considering the fact that Defendant has vigorously defended the facial constitutionality of the challenged statute.  Furthermore, Plaintiff has given notice of this action to the Attorney General.[38]  The Attorney General's Office formerly participated as counsel for Defendant.  Additionally, the Court has

---

[36]*Winsness*, 2006 WL 23569, *8.

[37]*See* Docket No. 93, at 4–6; Docket No. 109, at 8–10.

[38]Docket No. 10.

9

permitted the State to file an *amicus* brief setting forth its position on the constitutionality of the statute.[39]  Therefore, the Court finds that no indispensable parties are missing from this action.

       2.      IMPROPER PARTY

Next, Defendant argues that she is an improper party because she has no interest in defending the facial constitutionality of the challenged statute.  Defendant concedes that she is a proper party in an as-applied challenge.[40]  Again, Defendant's argument here is unavailing because while she has asserted that she has no interest in defending a facial challenge to the statute, she has done just that.  Defendant's Motion for Summary Judgment argues that the challenged statute is facially constitutional.  Therefore, the Court will not grant Defendant summary judgment on this ground.

D.      CONSTITUTIONAL CHALLENGE

       1.      THE UTAH CONSTITUTION

Plaintiff has also alleged that the challenged statute violates Article I, §§ 7 and 15 of the Utah Constitution.  While neither party has substantially briefed this issue, the Court finds it necessary to address it.

Article I, § 7 of the Utah Constitution states: "No person shall be deprived of life, liberty or property, without due process of law."  Article I, § 15 states, among other things, that "No law shall be passed to abridge or restrain the freedom of speech . . . ."

"Utah's constitutional guarantee of due process is substantially the same as the due process guarantees contained in the Fifth and Fourteenth amendments to the United States

---

[39]Docket No. 99.

[40]Docket No. 75, at 6.

Constitution"[41]  The analysis under both provisions is substantially the same.[42]  The same can be said for Article I, § 15 of the Utah Constitution and the First Amendment of the United States Constitution.  Therefore, the Court will limit its discussion to the provisions of the federal constitution discussed below.

> 2.     FACIAL CHALLENGE

>> a.     THE STATUTE IS NOT UNCONSTITUTIONAL UNDER ALL APPLICATIONS

Plaintiff has alleged that the challenged statute is unconstitutional on its face.  For the purposes of this Order, the Court will assume that Plaintiff has standing to assert such a challenge but, nevertheless, finds that the statute is facially constitutional.

"A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid."[43]  Plaintiff points to the Supreme Court decision of *Texas v. Johnson*,[44] to support his argument that the challenged statute is unconstitutional on its face.

---

[41]*In re Worthen*, 926 P.2d 853, 876 (Utah 1996) (citing *Untermeyer v. State Tax Comm'n*, 129 P.2d 881, 885 (1942)).

[42]*Bailey v. Bayles*, 52 P.3d 1158, 1162 n.2 (Utah 2002).

[43]*United States v. Salerno*, 481 U.S. 739, 745 (1987).  The Court recognizes that there is some disagreement as to the continued applicability of test set forth in *Salerno*.  *See United States v. Castillo*, 140 F.3d 874, 879 n. 3 (10th Cir. 1998).  Therefore, the Court will provide additional reasoning for its holding.  *Id*.

[44]491 U.S. 397 (1989).

It should be noted that the Court's decision in *Johnson* did not rest on a facial challenge.[45] Rather, the Court held the Texas statute there unconstitutional as it was applied to Johnson.[46]  In *Johnson*, the Supreme Court seemed to recognize that there were certain situations where a prosecution under the statute at issue in that case would not violate the First Amendment, such as when a tired person drags a flag through the mud knowing that their conduct is likely to offend others.[47]

Although not binding, the Seventh Circuit's opinion in *Lawson v. Hill*,[48] is instructive on this point.  *Lawson* addressed a challenge to the Indiana flag desecration statute.[49]  That statute provided that a "'person who knowingly or intentionally mutilates, defaces, burns, or tramples any United States flag, standard, or ensign commits flag desecration, a Class A misdemeanor.'"[50] The Seventh Circuit stated that "[t]he Indiana statute is not unconstitutional in *all* its possible applications.  Lawson presumably can be prosecuted for violating the statute if she paints a peace symbol on her neighbor's flag without his consent, or, conceivably, if she tramples on it not to make a political statement but to keep her feet from getting wet."[51]

_____

[45]The statute in that case was challenged both facially and as-applied, but the Court limited its ruling to an as-applied challenge.  *See id*. at 403, n.3.

[46]*Id*. at 420.

[47]*Id*. at 403, n.3.

[48]368 F.3d 955 (7th Cir. 2004).

[49]*Id*. at 956.

[50]*Id*. (quoting Ind. Code § 35-45-1-4(a)).

[51]*Id*. at 959.

Similarly, here, there are circumstances in which the challenged statute would be valid. There are instances, such as those recognized in *Johnson* and *Lawson*, where the application of the statute would be constitutional, since no expressive element would be involved. Therefore, the Court finds that the challenged statute is not unconstitutional in all applications.

### b.    OVERBREADTH

"Under First Amendment overbreadth analysis, '[t]he showing that a law punishes a substantial amount of protected speech, judged in relation to the statute's plainly legitimate sweep, suffices to invalidate *all* enforcement of that law, until and unless a limiting construction or partial invalidation so narrows it as to remove the seeming threat or deterrence to constitutionally protected expression.'"[52]  This expansive remedy is granted out of concern that enforcement of an overbroad law may deter or chill constitutionally protected speech.[53]

Overbreadth is strong medicine and courts employ it with hesitation, and then, only as a last resort.[54]  In order to prevail on an overbreadth challenge, a plaintiff must establish substantial overbreadth.[55]  In addition to being substantial, the overbreadth must also be real.[56]  "[T]he mere fact that one can conceive of some impermissible applications of a statute is not sufficient to

---

[52]*Faustin v. Denver*, 423 F.3d 1192, 1199 (10th Cir. 2005) (hereinafter *Faustin II*) (quoting *Virginia v. Hicks*, 539 U.S. 113 118–19 (2004)).

[53]*Id.*

[54]*West v. Derby Unified Sch. Dist.*, 206 F.3d 1358, 1367 (10th Cir. 2000).

[55]*Broadrick v. Oklahoma*, 413 U.S. 601, 615 (1973).

[56]*Id.*

render it susceptible to an overbreadth challenge."[57]  "In short, there must be a realistic danger that the statute itself will significantly compromise recognized First Amendment protections of parties not before the Court for it to be facially challenged on overbreadth grounds."[58]  "The overbreadth doctrine does not apply where there is no significant difference between the claim that the ordinance is invalid because of overbreadth and the claim that it is unconstitutional when applied to the plaintiff's own activities."[59]

These standards make clear that the Utah statute is not unconstitutionally overbroad.  As noted above, the overbreadth must be both substantial and real.  There must be a realistic danger that the statute will significantly compromise recognized First Amendment protection of third parties.  Plaintiff has not made this showing.  This is especially true considering that David Yocom, the Salt Lake County District Attorney, has stated that he does not intend to prosecute Plaintiff or anyone else under this statute and Defendant has stated that she does not intend to cite Plaintiff again under the statute.  Further, the statute has been subject to a narrowing construction as a result of the Supreme Court's ruling in *Texas v. Johnson*.  Finally, there is no significant difference between Plaintiff's overbreadth claim and his as-applied challenge.  As a result, the Court finds that the statute is not unconstitutionally overbroad.

       c.    VAGUENESS

"There are two possible, and independent, reasons a statute may be impermissibly vague: 'First, if it fails to provide people of ordinary intelligence a reasonable opportunity to understand

---

[57]*Members of the City Council of Los Angeles v. Taxpayers for Vincent*, 466 U.S. 789, 800 (1984).

[58]*Id.* at 801.

[59]*Faustin I*, 268 F.3d at 948.

what it prohibits.  Second, if it authorizes or even encourages arbitrary and discriminatory enforcement.'"[60]  "A plaintiff may challenge a statute as overly vague where the statute's deterrent effect on legitimate expression is 'both real and substantial' and the statute is not 'readily subject to a narrowing construction by the state courts . . . .'"[61]  "Speculation and 'hypertechnical theories as to what the statute covers' cannot create vagueness, especially when the state is 'surely valid in the vast majority of intended applications.'"[62]  "[W]hile there is little doubt that imagination can conjure up hypothetical cases in which the meaning of terms will be in nice question, because we are condemned to the use of words, we can never expect mathematical certainty from our language."[63]  Additionally, "where a plaintiff knows the action in question violated the restriction, we have said that this 'state of mind is inconsistent with any claim that the policy did not give . . . fair warning . . . .'"[64]

In *Faustin II*, the Tenth Circuit addressed the constitutionality of an unwritten city policy which banned signs and banners on overpasses.[65]  The Tenth Circuit held that such a policy was not unconstitutionally vague even though it was unwritten and it could not be agreed upon what the policy actually prohibited.[66]

---

[60]*Faustin II*, 423 F.3d 1192, 1201–02 (quoting *Hill v. Colorado*, 530 U.S. 703, 732 (2002)).

[61]*Id*. at 1202 (quoting *Young v. Am. Mini Theaters, Inc.*, 427 U.S. 50, 60–61 (1976)).

[62]*Id*. (quoting *Hill*, 530 U.S. at 733).

[63]*Id*.

[64]*Id*. (quoting *West*, 206 F.3d at1368).

[65]*Id*.

[66]*Id*. at 1202 & n.12.

Here, Plaintiff alleges that the challenged statute is unconstitutionally vague.  Plaintiff's only argument in this regard is that the statute fails to define the term "flag."[67]  Plaintiff questions whether it would be a crime to make a peace symbol by using a black magic maker on a small representation of an American flag on a tooth pick that is placed on a birthday cake or whether a representation of an American flag produced by a newspaper would be protected by the statute.

The Court, based on the standard recently articulated by the Tenth Circuit in *Faustin II*, cannot find that the challenged statute is unconstitutionally vague.  The statute does not fail to provide people of ordinary intelligence a reasonable opportunity to understand what it prohibits.  Additionally, it does not authorize or encourage arbitrary and discriminatory enforcement.  Plaintiff's questions as to what constitutes a "flag" under the statute are merely speculation and hypertechnical theories which cannot create vagueness.  Further, the statute has been subject to a narrowing construction as a result of the Supreme Court's ruling in *Texas v. Johnson*.  Therefore, the Court finds that the statute is not unconstitutionally vague.  After all, if an unwritten, undetermined policy is not unconstitutionally vague,[68] a written and published state statute is not unconstitutionally vague merely because it fails to define the word "flag."

3.    AS-APPLIED CHALLENGE

As noted above, the Court believes that Plaintiff has sufficiently plead an as-applied challenge.  The Supreme Court has held that the First Amendment forbids the punishment of those who desecrate the American flag for expressive purposes.[69]  "It is therefore necessary to

---

[67]Docket No. 14, at 3.

[68]*See Faustin II*, 423 F.3d at 1201–02.

[69]*United States v. Eichman*, 496 U.S. 310, 318–19 (1990); *Texas v. Johnson*, 491 U.S. 397, 420 (1989); *Spence v. Washington*, 418 U.S. 405, 414–15 (1974).

16

determine whether [Plaintiff's] activity was sufficiently imbued with elements of communication to fall within the scope of the First and Fourteenth Amendments. . . ."[70]  The Supreme Court has "rejected 'the view that an apparently limitless variety of conduct can be labeled 'speech' whenever the person engaging in the conduct intends thereby to express an idea.'"[71]  "In deciding whether particular conduct possesses sufficient communicative elements to bring the First Amendment into play, we have asked whether '[a]n intent to convey a particularized message was present, and [whether] the likelihood was great that the message would be understood by those who viewed it.'"[72]

This Court, like the Supreme Court, has little trouble identifying an expressive element in conduct relating to flags.[73]  But, the Court cannot "automatically conclude[], however, that any action taken with respect to our flag is expressive.  Instead, in characterizing such action for First Amendment purposes, we have considered the context in which it occurred."[74]

The parties dispute whether Plaintiff's actions here were expressive.  Plaintiff alleges that he burned a smiley face on a flag and displayed it for "expressive purposes."[75]  In particular, he alleges that he "was protesting the corruption of the legal system" and his actions were "a

---

[70]*Spence*, 418 U.S. at 409.

[71]*Johnson*, 491 U.S. at 404 (quoting *United States v. O'Brien*, 391 U.S. 367, 376 (1968)).

[72]*Id*. (quoting *Spence*, 418 U.S. at 410–11).

[73]*Id*. at 405.

[74]*Id*.

[75]Docket No. 16, at ¶ 5.

'tribute' to the corruption of that system."[76]  He then alleges that he hung the flag on the door of his garage "so that members of the public could see it."[77]

Defendant disputes these allegations.  In her Affidavit, Deputy Campbell states that when she asked about the flag, Plaintiff "made no reference to the smiley face being any type of political statement."[78]  Rather, Defendant alleges that Winsness told her that "'he was bored so he burned the flag.'"[79]  In her deposition testimony, Defendant stated that she believed she cited Plaintiff under subsection (d) of the statute for knowingly casting contempt on the flag.[80]  She stated that, in her opinion, Plaintiff committed the offense when he burned the flag and when he hung the flag on his garage.[81]

Whether the challenged statute is unconstitutional as-applied to Plaintiff Winsness hinges on the issue of whether his actions were expressive.  In determining whether an action is expressive, the Court must consider the context in which Plaintiff's actions occurred.  The Court must consider whether Defendant had the intent to convey a message and whether there was a likelihood that the message would be understood by others.  Here, the parties dispute this issue and have presented conflicting affidavits on this point.  As a result, the Court cannot grant summary judgment to either party on the issue of whether the statute is unconstitutional as-

---

[76]*Id*. at ¶ 6.

[77]*Id*. at ¶ 7.

[78]Docket No. 33, Exhibit E, at ¶ 5.

[79]*Id*.

[80]Docket No. 109, Exhibit B, at 29.

[81]*Id*. at 36.

applied to Plaintiff.  Questions of fact remain which preclude the Court from entering such an

order.  Therefore, it must remain for a fact finder to determine whether Plaintiff's actions were

expressive in this context.

## IV.  PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS RE: AFFIRMATIVE DEFENSES

Plaintiff has also filed a Motion for Judgment on the Pleadings concerning certain

affirmative and other defenses put forward by Defendant.[82]  Although not stated in his Motion or

accompanying Memorandum, the Court deems this Motion to be brought pursuant to

Fed.R.Civ.P. 12(c).

"A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to

dismiss under Rule 12(b)(6)."[83]  The same standard is used when evaluating 12(b)(6) and 12(c)

motions.[84]  Dismissal under either rule is appropriate "only where it appears that the [defendant]

can prove no set of facts in support of the claims that would entitle the [defendant] to relief."[85]  In

---

[82]These defenses include:
¶ 46.  Plaintiff lacks standing to pursue his alleged Cause of Action.
¶ 47.  Defendant has no duty to or interest in defending the facial constitutionality
of a state statute and she is not properly joined in this action.
¶ 48.  Plaintiff has failed to comply with the Governmental Immunity Act of Utah
and the Court is without jurisdiction to consider any state-based claims.
¶ 49.  Defendant is entitled to qualified immunity.
¶ 50.  Plaintiff has failed to join an indispensable party.
¶ 51.  Plaintiff has previously filed another action challenging the same statute
and is barred from suing Defendant on the same issues.

[83]*Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 266 F.3d 1138, 1160 (10th Cir. 2000).

[84]*Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n.2 (10th Cir. 2002).

[85]*Atlantic Richfield Co.*, 266 F.3d at 1160 (citations and quotations omitted).

reviewing the sufficiency of Defendant's Answer, the Court presumes all of the factual

allegations are true and construes them in the light most favorable to Defendant.[86]

The Court has previously rejected two of these defenses[87] and two more are rejected by

the Court in this Order.[88]  The Court feels compelled, however, to review its previous decision on

whether Defendant has qualified immunity.

In addressing Defendant's qualified immunity defense, the Court "must first determine

whether [Defendant's] actions, as alleged in the complaint, violated a constitutional or statutory

right."[89]  Assuming that the answer to this question is "yes," the Court "then must determine

whether the right allegedly violated has been 'clearly established in a more particularized, and

hence more relevant sense: The contours of the right must be sufficiently clear that a reasonable

official would understand that what he is doing violates that right.'"[90]  "This is not to say that an

official action is protected by qualified immunity unless the very action in question has

previously been held unlawful, but is to say that in light of pre-existing law the unlawfulness

must be apparent."[91]  "[A]ll that is required is that prior case law provide 'fair warning' that an

---

[86]*Hall v. Bellmon*, 935 F.2d 1006, 1109 (10th Cir. 1991).

[87]Docket No. 42 (Court held that Plaintiff has standing to bring claims for damages and declaratory relief and that Defendant is not protected by qualified immunity).

[88]The Court has rejected Defendant's arguments that she is an improper party or that Plaintiff has failed to join an indispensable party.

[89]*Denver Justice And Peace Committee, Inc. v. City of Golden*, 405 F.3d 923, 928 (10th Cir. 2005) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).

[90]*Id*. (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

[91]*Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (citation omitted).

officer's conduct would violate constitutional rights."[92]  "[O]fficials can still be on notice that their conduct violates established law even in novel factual circumstances."[93]

The Court previously found, for the purposes of that Motion, Defendant's actions did violate Plaintiff's constitutional rights.[94]  The Court also found, based on *Texas v. Johnson*, "that the right was sufficiently established to put Deputy Campbell on notice that enforcing Utah's flag abuse statute, in light of Plaintiff's expressive intent, would violate the First Amendment of the United States Constitution."[95]  Defendant now argues that she did not have notice, based on *Johnson*, that the challenged statute was facially constitutional, since *Johnson* was decided on an as-applied challenge.

Since the Court has held that Plaintiff has sufficiently plead and has standing to challenge the statute as-applied to him, Defendant is not entitled to qualified immunity with regard to Plaintiff's as-applied challenge, since *Johnson* was decided on an as-applied basis.  As for Plaintiff's facial challenge, Defendant is correct that the Supreme Court in *Johnson* limited its holding to an as-applied challenge.  Despite this, the Court still believes that *Johnson* provided Defendant fair warning that her actions might violate Plaintiff's constitutional rights.  Therefore, the Court rejects Defendant's argument that she is entitled to qualified immunity.

This leaves the issues of whether Plaintiff has complied with the Governmental Immunity Act and whether this action is barred because of Plaintiff's previous action.  Based on the

---

[92]*Denver Justice And Peace Committee*, 405 F.3d at 932 (citing *Hope*, 536 U.S. at 739–40).

[93]*Hope*, 536 U.S. at 741.

[94]Docket No. 42, at 8.

[95]*Id*. at 9–10.

standard discussed above, the Court will not dismiss these remaining defenses.  Assuming the

factual allegations contained in the Answer as true and viewing them in the light most favorable

to the non-moving party, as the Court must for the purposes of this motion, the Court will deny

Plaintiff's Motion as to these two defenses.  Furthermore, the Court declines to convert

Plaintiff's Motion as to these two defenses into one for summary judgment by considering

matters outside the pleadings.  Neither party is precluded from making a motion for summary

judgment on these defenses in the future.  As a result, Plaintiff's motion is granted in part and

denied in part.

## V.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Partial Summary Judgment (Docket No. 13) is

DENIED.  It is further

ORDERED that Defendant's Motion for Summary Judgment (Docket No. 74) is

GRANTED IN PART AND DENIED IN PART.  It is further

ORDERED that Plaintiff's Motion for Judgment on the Pleadings Re: Affirmative

Defenses (Docket No. 85) is GRANTED IN PART AND DENIED IN PART.

DATED   February 24, 2006.

BY THE COURT:

_____

TED STEWART
United States District Judge

22